GUANG YI ZHENG, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–3457–ag.

United States Court of Appeals, Second Circuit.

July 11, 2007.

**102**

Guang Yi Zheng, pro se, Brooklyn, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney, General; Leslie McKay, Senior Litigation Counsel; Daniel Glenn Lonergan, Trial Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Guang Yi Zheng, a citizen of the People's Republic of China, seeks review of a July 3, 2006 order of the BIA, affirming the February 28, 2005 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guang Yi Zheng,* No. A97 669 407 (B.I.A. July 3, 2006) *aff'g* No. A97 669 407 (Immig. Ct. N.Y. City Feb. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we dismiss Zheng's withholding of removal and CAT claims for lack of jurisdiction because he did not exhaust those claims before the BIA. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)).

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

We find that the agency's adverse credibility determination is supported by substantial evidence. The BIA reasonably concluded that Zheng's testimony was inconsistent with his wife's IUD check-up

booklet. Zheng testified that he and his wife were in hiding from March 2002 until September 2002 because her IUD had fallen out and she had become pregnant with an unauthorized second child. However, the IUD check-up booklet indicated that Zheng's wife went for a check-up in May 2002, and that her IUD was found to be in place at that time. Such an inconsistency is material and goes to the heart of Zheng's claim, as it calls into question whether his wife ever had any difficulties with the family planning authorities. *See Secaida–Rosales,* 331 F.3d at 308–09. Further, Zheng's attempts to explain the inconsistency were unavailing. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005). While the IJ's adverse credibility determination was supported with additional findings, we need not conduct any additional review as the inconsistency identified is fatal to Zheng's claim.

For the foregoing reasons, the petition for review is DENIED in part, and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.